(Pleito Nº. 77.—Fallado el 27 de Agosto de 1900.)

### Pieras contra Egozcue.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Rebeldía. Cuando una persona entabla demanda de tercería reclamando el dominio de una propiedad embargada, y antes de que se confiera traslado de ella al actor, (en el pleito), dicho actor levanta el embargo, el tercero no podrá obligarle á contestar la demanda, y en su consecuencia declararle rebelde.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y siete de Agosto de mil novecientos, en el recurso de casación por quebrantamiento de forma, que ante este Tribunal Supremo pende interpuesto en la tercería de dominio sostenida ante el Tribunal de Distrito de San Juan por los Sres. Pieras y Cª, en liquidación, representados por su liquidador Don Marcos Pieras, que lo ha sido ante este Tribunal por el Letrado Don Juan Hernández López, cuya tercería se seguía ante el Tribunal de Distrito de San Juan por los referidos Pieras y Cª contra los Sres. Egozcue y Cª y Don Emilio Cárdenas, habiéndose personado ante este Tribunal Supremo por Egozcue y Cª el Letrado Don Antonio Alvarez Nava.— Resultando: Que en juicio verbal seguido ante el Juzgado municipal de Catedral, embargaron los Sres. Egozcue y Cª, un predio rústico como de la propiedad de Don Emilio Cárdenas, y con ese motivo, los Sres. Pieras y Cª establecieron tercería de dominio ante el Tribunal de Distrito de

San Juan, de cuya tercería se confirió traslado á los Sres. Egozcue y C.ª en trece de Noviembre último, emplazándoles para contestar la demanda, sin que llegaran á efectuarlo entonces.—Resultando: Que en doce del mismo mes de Noviembre compareció en el Juzgado Municipal de Catedral el representante de Egozcue y C.ª, y solicitó se dejara sin efecto el embargo de los terrenos embargados, dejándolos á la libre disposición de sus dueños, lo que acordó el Juzgado en catorce del mismo mes, comunicándolo al Tribunal de Distrito de San Juan en la misma fecha é instruída la representación de Pieras y C.ª, presentó escrito exponiendo que el levantamiento del embargo no podía surtir efecto en la tercería y que lo acordado en ésta debía cumplirse obligando á Egozcue y C.ª á que se allanasen á la demanda ó á que la contestasen, de cuyo escrito confirió el Tribunal traslado á Don Manuel Egozcue, presentando entonces otro la representación de Pieras y C.ª solicitando se dejase sin efecto el traslado conferido y declarase la rebeldía de Egozcue y C.ª y Don Emilio Cárdenas, por no haber comparecido á contestar la demanda.—Resultando: Que el Letrado Don Emilio García Cuervo, á nombre de Egozcue y C.ª, compareció en la referida tercería manifestando que antes de ser citados y emplazados en trece de Noviembre, ya habían solicitado en doce del mismo que se alzase el embargo y solicitado se comunicara así al Tribunal, como se hizo, que desaparecida la causa desaparece el efecto, y por consiguiente no hay términos hábiles para dictar una sentencia que antes de pronunciada estaba ya cumplida, y solicitó que dando por evacuado el traslado, se desestimaran las peticiones de Pieras y C.ª, condenándoles en las costas.—Resultando: Que el Tribunal de Distrito resolviendo el escrito del tercerista en que solicitaba se declarase la rebeldía de los demandados, dictó en diez de Febrero auto en el que bajo las consideraciones de "que la mercantil Egozcue y C.ª siguió en el Juzgado municipal de Catedral, juicio verbal contra Don Emilio Cárdenas, en cobro de pesos y para asegurar la efectividad

de su reclamación embargó en uso de su derecho que la Ley
de Enjuiciamiento Civil le concedía, un predio rústico que
el Cárdenas había vendido por escritura pública ante el
Notario de Cayey en diez y ocho de Julio de mil ochocien-
tos noventa y seis, á la Sociedad Pieras y Cª, de esta Capital,
y antes de hacer efectivo Egozcue y Cª ese crédito contra
Cárdenas, ó sea en doce de Noviembre último, compareció
ante el Juzgado municipal que había hecho el embargo de
la finca expresada, y pidió y obtuvo el levantamiento del
mismo, dejando así la finca á la libre disposición de sus
legítimos dueños; que si es cierto que Pieras y Cª recurrieron
ante este Tribunal de Distrito, acreditando el dominio de la
finca y deduciendo tercería contra Egozcue y Cª y Don
Emilio Cárdenas, de cuya demanda de tercería se dió tras-
lado á los demandados, antes de evacuarlo éstos, el Juzgado
municipal de Catedral elevó oficio al tribunal comunicando
que el embargo había sido ya levantado, como en efecto
se comprobó, por lo cual ni Egozcue y Cª ni Don Emi-
lio Cárdenas venían obligados á contestar la demanda,
pues siendo el objeto de esta perseguir el desembargo
de la finca de Pieras y Cª, una vez comprobado ese des-
embargo carecía la demanda de objeto; que es equivo-
cado el fundamento de que en este caso procede la
rebeldía de los demandados por haber dejado transcurrir
el término del emplazamiento sin contestar á la demanda,
pues la rebeldía del demandado que la vigente Ley de
Enjuiciamiento Civil establece, equivale á un castigo que
por la misma se impone á la contumacia del litigante
que citado personalmente, por motivo especioso se niega
á deferir á la pretensión de su contrario; pero no al que
tiene motivos fundados y legítimos para no contestar á
ello, y no pueden menos de considerarse así los que se
basan en carencia absoluta de materia litigiosa, que á mayor
abundamiento, siendo consecuencia legal de la declaración
de rebeldía de un litigante la retención y embargo de
sus bienes, en este caso se daría la inmoralidad de retener

y embargar los bienes de Egozcue y Cᵃ por haber accedido con anterioridad á hacer lo que en la demanda de tercería se les pedía, puesto que ese y no otro es el fundamento que han tenido para no contestar á la demanda de Pieras y Cᵃ," se declaró no haber lugar á declarar la rebeldía dé Egozcue y Cᵃ y Don Emilio Cárdenas, declarando además que no están obligados á contestar la demanda, sin especial condena de costas; y establecido contra dicho auto por la representación de Pieras y Cᵃ recurso de reposición, fué denegada ésta por providencia de diez y nueve de Febrero.— Resultando : Que contra dichas resoluciones estableció la representación de Pieras y Cᵃ recurso de casación por quebrantamiento de forma, estimándolo comprendido en los nú-meros 2º y 3º del artículo 1,691 de la Ley de Enjuiciamiento Civil toda vez, dice, que se ha tenido como parte á la socie-dad Egozcue y Cᵃ y ha sido oída en el juicio por infracción manifiesta de los párrafos 50 y 51 de la Orden General número 118 en relación con los artículos, 526 y 684 de la Ley de Enjuiciamiento Civil ; y asimismo por infracción de ley, toda vez que mediante el citado auto se declara no haber lugar acerca de las pretensiones contenidas en la demanda, lo cual constituye caso de procedencia del recurso, comprendi-do en el número 3º del artículo 1,690 de la Ley de Enjuicia-miento Civil, con infracción del párrafo 47 y siguientes de la expresada Orden General número 118, cuyos recursos admitió el Tribunal de Distrito ; y formalizando ante este Tribunal Supremo el de quebrantamiento de forma, manifestó el recurrente que ajustándose á lo que dispone. el artículo 1,748 de la Ley de Enjuiciamiento Civil, hacía constar que el recurso está comprendido en los números 2º y 3º del artículo 1,691 de la Ley de Enjuiciamiento Civil citada, puesto que se había oído á la sociedad de Egozcue y Cᵃ cuando procedía declararla en rebeldía, y puesto que se ha decidido respecto á las acciones establecidas por el demandante, pres-cindiéndose del recibimiento á prueba y de las demás tramitaciones del juicio que ha debido seguirse y terminarse

por los trámites de ley ; que este quebrantamiento de forma nace de la infracción manifiesta de los párrafos 50 y 51 de la Orden General número 118, en relación con los artículos 526 y 684 de la Ley de Enjuiciamiento Civil ; que para obtener la subsanación de esas faltas utilizó el recurso de reposición contra los autos citados, y que el auto recurrido tiene el carácter de sentencia definitiva, por haber puesto término al pleito, siendo imposible su continuación.— Resultando : Que personado en este Tribunal Supremo á nombre de Egozcue y Cª el Letrado Don Antonio Alvarez Nava, impugnó el recurso en la vista celebrada.—Vistos, siendo Ponente el Sr. Juez Asociado Don Rafael Nieto Abeillé.—Considerando ; Que establecida la demanda de tercería contra Egozcue y Cª, citados y emplazados Egozcue y Cª, pretendida la rebeldía de Egozcue y Cª, y siendo, en fin, Egozcue y Cª la entidad á quien el demandante deseaba traer á juicio y los que por medio del Letrado Don Emilio García Cuervo se personaran en él, no puede válidamente sostenerse que existe la falta de personalidad á que se refiere el caso 2.º del artículo 1,690 de la Ley de Enjuiciamiento Civil, ya que según la ley vigente basta que un Letrado se persone en nombre de una persona ó entidad cualquiera para tener á estas personas, y la personería de Don Emilio García Cuervo, que es á lo que la ley se refiere no fué discutida oportunamente.—Considerando : Que los preceptos establecidos en la Orden General número 118 y en la Ley de Enjuiciamiento Civil relativos á pruebas, están instituídos para cuando el juicio llegue por sus trámites naturales á estado de practicarla, y por tanto cuando por cualquier circunstancia no se llega á ese momento, ni es posible asegurar que el Tribunal ha negado la práctica de la prueba, ni puede exigirse que se practique sin ser ocasión para ello.—Considerando : Que por lo expuesto procede declarar sin lugar el recurso por los dos fundamentos en que se basa, imponiendo las costas al recurrente, según dispone el artículo 1,765 de la Ley de Enjuiciamiento Civil.

—Fallamos que debemos declarar y declaramos no haber lugar al recurso de casación, por quebrantamiento de forma, establecido por Pieras y Cª contra las resoluciones del Tribunal de Distrito de San Juan, que quedan expresadas, con las costas á cargo del recurrente; publíquese esta sentencia en la *Gaceta*, comuníquese en su oportunidad al Tribunal de que el asunto procede, y dése cuenta para tramitar el recurso por infracción de ley.—Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y siete de Agosto de mil novecientos.—E. de J. López Gaztambide.